Timothy J. Forwood
Wyoming State Bar No. 6-4120
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
timothy.forwood@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**JONATHAN CASTILLO and TUCKER DONALD WIRFEL,**<br><br>Defendant. | Criminal No. 23-CR-29-S |

### UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

The United States, by and through its attorney, Timothy J. Forwood, Assistant United States Attorney for the District of Wyoming, respectfully moves the court for an order to continue the Jury Trial currently set for May 22, 2023, at 9:00AM.

Defendant Jonathan Castillo, through his attorney, Cindi Wood, does not object to this motion.

Defendant Tucker Donald Wirfel, through his attorney, Tracy Hucke, does not object to this motion.

**I.      Background**

On March 16, 2023, Defendant Castillo was indicted on two counts of Distribution of Fentanyl, Aid and Abet, in violation of 21 U. S. C. §§ 841(a)(1), (b)(1)(b) and 18 U.S.C. §2. (ECF

No. 21). In the same Indictment, Defendant Wirfel was charged with one count of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (ECF No. 21). Defendant Wirfel, who had been charged by Complaint on February 27, 2023 (ECF No. 1), had his Initial Appearance/Arraignment/Detention Hearing on March 24, 2023 (ECF No. 29). A jury trial was set for May 22, 2023 (ECF No. 33). Defendant Castillo was later arrested and had his initial appearance on April 18, 2023 (ECF No. 42). He then had his Arraignment/Detention hearing on April 21, 2023, (ECF No. 49) and his trial was set, along with his co-defendant, on May 22, 2023 (ECF No. 53).

This is the first request for continuance in this matter.

## II.     Argument

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of this indictment or the Defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, Speedy Trial deadlines are not immutable, and the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). A District Court may exclude from the speedy trial calculation "any period of delay resulting from continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request for the attorney for the Government, if the judge granted such a continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice continuance, the court must make its findings on the record. *Zedner v. United States*, 547 U.S. 489, 507 (2006); 18 U.S.C. § 3161(h)(8)(A).

Here, the pertinent circumstances support an "ends of justice" continuance under §

3161(h)(7). Specifically, the Government asks this Court to extend the trial date for 49 days from the current trial date of May 22, 2023.

This request is made for two reasons. First, the primary case agent for the United States has a family member scheduled to undergo a medical procedure on May 23, 2023. The case agent is an essential witness, and his appearance is necessary.

Secondly, Defendant Castillo did not make his initial appearance until April 18, 2023 and did not make an appearance with counsel until April 21, 2023. This only allowed 31 days from his first appearance with counsel to trial date. The United States provided defense counsel discovery the following day on April 22 with supplemental discovery on April 25 and April 27. Defense counsel prepared a hard drive and sent it to where Defendant was being housed, Scottsbluff. However, the Defendant was moved to Platte County Detention just before the hard drive was delivered, and Defense Counsel was not informed of this transport. On Monday, May 1, Defense counsel called to visit with Defendant and was informed that he was moved to Platte County Detention Center. Defense counsel has since reissued a second hard drive for delivery to the Defendant. Therefore, defense counsel for Defendant Castillo has not had a meaningful opportunity to review discovery with Defendant Castillo. Though the Defendants are not charged in a conspiracy, their conduct is intertwined; hence why they are charged in the same indictment. The discovery is somewhat voluminous and requires review of digital records. Defense counsel does not believe there is sufficient time to review discovery with Defendant Castillo, file motions, if any, and be fully prepared for trial by May 22, 2023.

All parties required additional time to prepare and are not prepared to go to trial on May 22, 2023.

The United States therefore requests that this Court to set trial in this matter beyond time

limits set forth in 18 U.S.C. § 3161 et seq. and 18 U.S.C. § 3164 et seq. ("Speedy Trial Act"). Accordingly, the Government asks that this Court extend the trial date 49 days and exclude this time from the Speedy Trial Act calculation and grant such further relief as is appropriate.

DATED this 4th day of May, 2023.

                                          NICHOLAS VASSALLO
                                        United States Attorney

By:   */s/ Timothy J. Forwood*
        TIMOTHY J. FORWOOD
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of May, 2023, I served a true and correct copy of the foregoing upon counsel of record by electronic filing.

                                        */s/ Andi M. Shaffer*
                                        For the United States Attorney's Office